**No. 26-5377**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VIVEK SHAH,
Plaintiff-Appellant,
v.
CRAIN COMMUNICATIONS, INC.,
Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge
(Appeal from the Order of August 18, 2026, ECF No. 41)

# APPELLANT'S OPENING BRIEF

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, *pro se*

# TABLE OF CONTENTS

INTRODUCTION ....... 1
JURISDICTIONAL STATEMENT ....... 1
ISSUES PRESENTED ....... 2
STATEMENT OF THE CASE ....... 3
A. The Pre-Filing Order ....... 3
B. The Application for Leave ....... 4
C. The Proposed Complaint ....... 5
D. The Denial ....... 6
E. This Appeal ....... 7
SUMMARY OF ARGUMENT ....... 7
STANDARD OF REVIEW ....... 9
STATEMENT REGARDING ORAL ARGUMENT ....... 9
ARGUMENT ....... 9
I. THIS COURT HAS JURISDICTION. ....... 10
A. The August 18 Order Is a Final Decision Under 28 U.S.C. § 1291. ....... 10
B. In the Alternative, the Court Should Treat the Appeal as a Petition for a Writ of Mandamus. ....... 12
II. THE DENIAL CANNOT STAND. ....... 12
A. A Denial Without Findings, Reasons, or an Identified Standard Is an Abuse of Discretion. ....... 12
B. Under the Only Criteria a Pre-Filing Screen May Apply, Leave Was Required. ....... 14
C. The Denial Cannot Be Reconciled with the Premises on Which the Pre-Filing Order Rests. ....... 16
III. THE COMPLAINT SHOULD BE DEEMED FILED AS OF AUGUST 11, 2026. ....... 17
CONCLUSION ....... 18
STATEMENT OF RELATED CASES ....... 20
ADDENDUM ....... 21
CERTIFICATE OF COMPLIANCE ....... 23

# TABLE OF AUTHORITIES

## Cases

*Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977) ................................8, 12
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................14
*Browder v. Director, Dep't of Corrections*, 434 U.S. 257 (1978)..........................10
*Catlin v. United States*, 324 U.S. 229 (1945) .......................................................10
*Cintron v. Union Pacific R.R. Co.*, 813 F.2d 917 (9th Cir. 1987) ......................8, 17
*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)..........................10
*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) .......................................8, 13
*Delew v. Wagner*, 143 F.3d 1219 (9th Cir. 1998)..................................................13
*Escobedo v. Applebees*, 787 F.3d 1226 (9th Cir. 2015) ......................................8, 17
*Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023).......................15
*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................9, 13
*In re Cement Antitrust Litig.*, 688 F.2d 1297 (9th Cir. 1982)................................12
*In re Koshkalda*, 622 B.R. 749 (B.A.P. 9th Cir. 2020)..........................................11
*Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023) ....................................................16
*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) .....3, 4, 7, 9, 10, 11, 16, 17
*Moy v. United States*, 906 F.2d 467 (9th Cir. 1990)...............................................16
*Neitzke v. Williams*, 490 U.S. 319 (1989)..........................................................8, 15
*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014).....5, 8, 13, 14
*Roberts v. U.S. Dist. Court*, 339 U.S. 844 (1950) .............................................7, 11
*United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009)..................................9, 13
*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983) ...........................................................................................................14

## Statutes

28 U.S.C. § 1291 ..........................................................................................2, 7, 10
28 U.S.C. § 1332(a)(1).............................................................................................1
28 U.S.C. § 1651(a) ..........................................................................................2, 12
28 U.S.C. § 2106 ...........................................................................................9, 16, 18
Cal. Civ. Proc. Code § 340(a)..................................................................................18
Cal. Penal Code § 631(a) ..........................................................................................5

Cal. Penal Code § 637.2 ... 5
Cal. Penal Code § 638.50 ... 5
Cal. Penal Code § 638.51(a) ... 5, 15

**Rules**

Fed. R. App. P. 4(a)(1)(A) ... 2
Fed. R. App. P. 34(a)(2) ... 9
9th Cir. R. 28-2.6 ... 20
9th Cir. R. 28-2.7 ... 2

## INTRODUCTION

On August 11, 2026, Appellant Vivek Shah delivered to the district court an application for leave to file a complaint, as the pre-filing order entered against him requires. The application identified a defendant Appellant has never sued in any forum, attached the proposed complaint, disclosed the pending appeal of the pre-filing order itself, and addressed the only two criteria this Court permits such an order to screen for: duplication and frivolousness. ECF No. 41 at 2–4.

Seven days later, the district judge resolved the application by marking a box on a one-page form: "not be filed." ECF No. 41 at 1. The form contains no findings. It identifies no standard. It states no reasons. It was entered on the docket of a case that ended in final judgment three weeks earlier, so no later judgment will ever bring it before this Court.

This appeal presents three questions: whether that order can be reviewed at all; whether it can survive review; and what the remedy must be. The answers are yes, no, and an instruction that the complaint be accepted for filing as of the day it was delivered to the clerk.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over the underlying action under 28 U.S.C. § 1332(a)(1). It entered the pre-filing order under the All Writs Act, 28 U.S.C. §

1651(a), ECF No. 34 at 1, 11, and it retained jurisdiction after final judgment to administer that order, which is how the order under review came to be entered.

This Court has jurisdiction under 28 U.S.C. § 1291. The order appealed from was entered on August 18, 2026, after final judgment, and conclusively resolves the only matter it addresses — Appellant's application for leave to file — leaving nothing further for the district court to decide. It is therefore a final post-judgment order. In the alternative, this Court may treat the appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651(a). Both grounds are addressed in Part I of the Argument.

The order was entered on August 18, 2026. ECF No. 41. The amended notice of appeal was filed on August 18, 2026. ECF No. 43. The appeal is timely under Fed. R. App. P. 4(a)(1)(A). The order disposes of all issues raised in the application.

## ISSUES PRESENTED

1. Whether an order denying a vexatious litigant's application for leave to file a new complaint — entered after final judgment in the case that produced the pre-filing order, on a form containing no findings, no reasons, and no identified standard — is reviewable by appeal under 28 U.S.C. § 1291 or, in the alternative, by writ of mandamus.

2. Whether the denial was an abuse of discretion, where a pre-filing screen may test only for duplication and frivolousness, the application demonstrated on its face that the proposed complaint was neither, and the denial identifies no basis at all.

3. Whether, on reversal, the proposed complaint must be accepted for filing effective August 11, 2026, the date it was delivered to the clerk of the district court.

Pertinent statutory provisions are reproduced in the Addendum. 9th Cir. R. 28-2.7.

## STATEMENT OF THE CASE

### A. The Pre-Filing Order

On July 20, 2026, the district court declared Appellant a vexatious litigant and entered a pre-filing order under the All Writs Act covering "any new case filed in the Central District of California that alleges any claims arising under the California Invasion of Privacy Act ('CIPA') or other related digital privacy claims." ECF No. 34 at 11. The order prescribes no procedure for seeking leave and articulates no standard for deciding an application. *See generally id.* It reasoned that its scope tracked the order affirmed in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), because a pre-filing order "limited to CIPA and related digital privacy claims" was "adequately tailored . . . to protect the courts and the public," and it emphasized that "[t]he order does not restrict Plaintiff from filing other claims not covered by the pre-filing order." ECF No. 34 at 10. It rejected a security-of-costs

requirement as a lesser alternative on the ground that "a pre-filing order is a sufficient deterrent against future vexatious litigation and offers adequate protection for Defendants." *Id.* at 10 n.8; *see id.* at 11 (denying security).

On July 23, 2026, Appellant voluntarily dismissed the underlying action with prejudice, ECF No. 36, and noticed an appeal from the pre-filing order, ECF No. 37, docketed in this Court as No. 26-4739. That appeal is pending; the opening brief was filed July 28, 2026, and the answering brief is due November 16, 2026. For purposes of this appeal, Appellant assumes the pre-filing order's validity. Its validity is before this Court in No. 26-4739.

**B. The Application for Leave**

On August 11, 2026, the clerk of the district court received Appellant's Application for Leave to File Complaint Pursuant to Pre-Filing Order. ECF No. 41 at 1. Because the pre-filing order supplies no application procedure, the application followed the model affirmed in *Molski*: it attached a copy of the pre-filing order as its Exhibit A and the complete proposed complaint as its Exhibit B, and it was supported by a declaration under penalty of perjury. ECF No. 41 at 3. It committed to follow any different procedure the court might direct. *Id.* at 3–4. It disclosed the pendency of No. 26-4739, stated that no stay had issued, and confirmed that Appellant "comply[s] with the Pre-Filing Order while [the] appeal is pending." *Id.* at 4.

The application addressed the governing criteria. It set out the rule of *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014), that a screening order "should have stopped at 'not duplicative, and not frivolous,'" and that a merits screen is impermissible because "courts cannot properly say whether a suit is 'meritorious' from pleadings alone." ECF No. 41 at 4–5. It then demonstrated that the proposed complaint satisfied both permissible criteria. *Id.* at 6–9.

### C. The Proposed Complaint

The proposed complaint names AdvisorFinder, LLC, a Virginia limited liability company. Appellant has never sued AdvisorFinder — no court action, no arbitration demand, no proceeding in any forum — and no tribunal has adjudicated any claim arising out of the conduct the proposed complaint describes. ECF No. 41 at 6. The pleading arises from a single visit to a single website, advisorfinder.com, on a single date, February 4, 2026, from Los Angeles County. *Id.* It pleads claims under California Penal Code sections 638.50(b), 638.50(c), and 638.51(a) — the pen register and trap and trace provisions — with the civil remedy supplied by section 637.2. *Id.* at 2, 6–7. The action in which the pre-filing order was entered pleaded a different statute (Penal Code section 631(a)), a different website, a different date, and different conduct. *Id.* at 6–7.

The pleading is built on a contemporaneous record. Appellant visited the website with his browser's developer tools open and captured the network requests his browser was caused to initiate; the identifiers, endpoints, and parameter values pleaded are transcribed from that capture, which the application offered to lodge with the court on request. ECF No. 41 at 9. As summarized in the application, the proposed complaint identifies, among other things, thirteen distinct third-party endpoints contacted by the defendant's code, three Google Analytics 4 measurement identifiers, the defendant's Google Ads tag and HubSpot portal number, the Meta advertising pixel identifier to which Appellant's browser was registered, the persistent client and advertising identifiers assigned to his browser, a consent-state parameter transmitted before Appellant touched the consent banner, a parameter setting IP anonymization to false, and the sequence by which the banner vendor logged the banner's first display — after the tracking had already occurred. *Id.* at 7–8 (citing Proposed Compl. ¶¶ 40–54).

**D. The Denial**

The application was routed on the district's Form CV-115, "Notice and Order re Filing by Vexatious Litigant." ECF No. 41 at 1. The form records that the clerk received the application on August 11, 2026; that Appellant is subject to the restriction that "[a] court order or written authorization from a judge must be obtained prior to the filing of document(s)"; and that the application was forwarded

to the assigned district judge. *Id.* On August 18, 2026, the district judge marked one box:

> IT IS HEREBY ORDERED that the document(s) presented ☒ not be filed.

*Id.* The order contains no findings, identifies no standard, and states no reasons. *Id.* It was entered on the docket of the closed underlying case as ECF No. 41.

### E. This Appeal

Appellant noticed this appeal on August 18, 2026. ECF No. 42. Appellant is separately seeking, in No. 26-4739, judicial notice of ECF No. 41 and renewed expedition of that appeal; he has not sought consolidation, because the appeals present distinct questions.

## SUMMARY OF ARGUMENT

*First*, this Court has jurisdiction. *Molski* held that pre-filing orders are not immediately appealable when entered in a pending case precisely because they can be reviewed after final judgment. 500 F.3d at 1056–57. Final judgment here has come and gone: the order under review was entered three weeks after the case ended, conclusively resolves the only matter it addresses, and will never be encompassed by any future judgment. Under the finality principle's practical construction, it is a final post-judgment order under 28 U.S.C. § 1291 — as the denial of leave to proceed in forma pauperis has been since *Roberts v. United States District Court*, 339 U.S.

844 (1950) (per curiam). If the order were not appealable, it would be reviewable never, and the premise on which pre-filing orders are tolerated — that non-frivolous claims pass through — would be unenforceable. In the alternative, the Court should treat the appeal as a petition for a writ of mandamus; every *Bauman* factor that fits this posture is satisfied.

*Second*, the denial is an abuse of discretion twice over. An unexplained exercise of discretion that identifies neither standard nor reason cannot be meaningfully reviewed, and in a context where a fundamental right — access to the courts — is being restricted, the absence of any articulated basis is itself the vice the *De Long* framework exists to prevent. And under the only criteria a pre-filing screen may apply — duplication and frivolousness, *Ringgold-Lockhart*, 761 F.3d at 1066 — the record admits one answer. The proposed complaint names a never-sued defendant, on a different statute, website, date, and course of conduct; it reopens nothing. And a claim resting on statutory text, on decisions applying that text to materially identical technology, and on a contemporaneous capture of the defendant's own transmissions does not "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Third*, the remedy follows from the rule that a complaint is deemed filed when delivered to the clerk, with no time deducted while a required application awaits ruling. *Escobedo v. Applebees*, 787 F.3d 1226 (9th Cir. 2015); *Cintron v. Union*

*Pacific R.R. Co.*, 813 F.2d 917 (9th Cir. 1987). Appellant did everything in his power on August 11, 2026. The Court should reverse and remand with instructions to direct the clerk to accept the proposed complaint for filing effective that date. 28 U.S.C. § 2106.

## STANDARD OF REVIEW

Jurisdictional questions are reviewed de novo. Orders entered under a pre-filing order are reviewed for abuse of discretion. *Molski*, 500 F.3d at 1056. A district court abuses its discretion when it applies an incorrect legal standard, rests its ruling on a clearly erroneous assessment of the record, or reaches a result that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). A discretionary ruling that articulates no basis at all cannot be tested against any of these measures; the absence of explanation defeats meaningful review. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (district court must provide "a concise but clear explanation of its reasons" for a discretionary determination).

## STATEMENT REGARDING ORAL ARGUMENT

The order under review is one page; the operative record is short; and the questions presented are legal. Appellant respectfully submits that the appeal may be decided without oral argument, Fed. R. App. P. 34(a)(2), though he welcomes argument if the Court would find it useful.

## ARGUMENT

## I. THIS COURT HAS JURISDICTION.

### A. The August 18 Order Is a Final Decision Under 28 U.S.C. § 1291.

A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The requirement is given "a practical rather than a technical construction." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Orders entered after final judgment satisfy it when they conclusively dispose of the discrete matter they address, which is why the denial of post-judgment relief has long been independently appealable. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978).

The August 18 order fits that description exactly. The underlying action ended in a final judgment of dismissal with prejudice on July 23, 2026. ECF No. 36. The application for leave was the only matter thereafter pending before the district court, and the order resolved it completely: the proposed complaint is "not [to] be filed." ECF No. 41 at 1. Nothing remains to be decided. No further proceedings will occur in the closed case. No future judgment will ever exist from which the order could be reviewed.

*Molski* confirms rather than defeats this conclusion. There, this Court held that pre-filing orders entered in a pending case are not immediately appealable, because

such an order "is not conclusive" at that stage and can be reviewed on appeal from the final judgment. 500 F.3d at 1056–57. The holding presupposes that later review will exist. The same structure appears in *In re Koshkalda*, 622 B.R. 749, 755 (B.A.P. 9th Cir. 2020), which explains that in ordinary federal civil litigation a pre-filing order becomes reviewable once "a judgment is entered concluding the litigation." Here, judgment concluding the litigation has been entered; the order under review came after it. On *Molski*'s own logic, the moment of review is now — and if it is not now, it is never.

A regime in which denials of leave are unreviewable cannot be squared with the terms on which pre-filing orders are permitted at all. This Court approved the *Molski* order because "it will not deny Molski access to courts on any . . . claim that is not frivolous." 500 F.3d at 1061. That assurance has content only if a denial of leave can be examined by someone other than the judge who issued it. The Supreme Court reached the equivalent conclusion for the closest procedural analogue three-quarters of a century ago: the "denial by a District Judge of a motion to proceed in forma pauperis is an appealable order." *Roberts v. U.S. Dist. Court*, 339 U.S. 844, 845 (1950) (per curiam). In both settings a court-created gate stands between a would-be plaintiff and the courthouse; in both, the gatekeeper's refusal ends the matter; and in both, no later judgment will ever carry the refusal up. The refusal is the final decision.

### B. In the Alternative, the Court Should Treat the Appeal as a Petition for a Writ of Mandamus.

If any doubt about appellate jurisdiction remained, the proper course would not be to leave the order unexamined; it would be to treat the appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651(a). *See In re Cement Antitrust Litig.*, 688 F.2d 1297, 1301 (9th Cir. 1982). The considerations that guide the writ, *see Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977), align here. Appellant has no other adequate means of relief: there is no later judgment to appeal from, and a fresh application would return to the same form and the same silence. The harm is not correctable through any ordinary appellate channel, because no such channel exists for this order. The error is clear as a matter of law: a discretionary denial with no findings, no standard, and no reasons, measured against criteria that on this record admit only one answer. And the problem is structural rather than episodic — the pre-filing order supplies no procedure and no standard, so every future application is exposed to the same unexplained disposition. Whether styled as an appeal or as mandamus, the order should be reviewed now.

## II. THE DENIAL CANNOT STAND.

### A. A Denial Without Findings, Reasons, or an Identified Standard Is an Abuse of Discretion.

Discretion is reviewable only through its explanation. Under *Hinkson*, this Court tests a discretionary ruling by asking whether the district court identified the correct legal rule and whether its application of that rule to the record was illogical, implausible, or unsupported. 585 F.3d at 1262. The August 18 order forecloses every step of that inquiry: it identifies no rule, applies nothing to nothing, and supports nothing. A reviewing court confronting it can affirm only by supplying reasons the district court never gave — which is not review. *Cf. Hensley*, 461 U.S. at 437.

The context makes the omission more serious, not less. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). For that reason, restrictions on court access "should be a remedy of last resort," *Ringgold-Lockhart*, 761 F.3d at 1062, and this Court requires, before such restrictions issue, notice, an adequate record, substantive findings, and narrow tailoring. *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). Those requirements do not lapse at the moment the order begins to operate. An order upheld on the premise that it screens only duplicative or frivolous filings cannot be administered by unexplained veto; the leave stage is where the *De Long* safeguards either function or fail. Here the entire administration of the order consists of a marked checkbox. ECF No. 41 at 1.

Nor can the disposition be defended as an implicit finding. Nothing on the form indicates which criterion the application supposedly failed, and as shown next,

neither permissible criterion could have been failed on this record. An affirmance would therefore require this Court to invent both the standard and its application. The order should be reversed for absence of reasons alone.

### B. Under the Only Criteria a Pre-Filing Screen May Apply, Leave Was Required.

*Ringgold-Lockhart* fixes the outer limit of a pre-filing screen: "The screening order should have stopped at 'not duplicative, and not frivolous.'" 761 F.3d at 1066. A merits test is forbidden, because "courts cannot properly say whether a suit is 'meritorious' from pleadings alone," *id.*, and because "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted). The application met both permissible criteria on its face.

#### 1. The proposed complaint is not duplicative.

Duplication, in the pre-filing context, means an attempt to relitigate what has been decided: restrictions are tailored to restrain litigants from "reopen[ing] litigation based on the facts and issues decided in" previous lawsuits. *Ringgold-Lockhart*, 761 F.3d at 1066 (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1526 (9th Cir. 1983)). The proposed complaint reopens nothing. Appellant has never sued AdvisorFinder in any forum; no court or arbitrator has

adjudicated any claim arising from the conduct pleaded. ECF No. 41 at 6. The pleading rests on a different defendant, website, date, statute, and course of conduct from the action in which the pre-filing order issued, *id.* at 6–7, and its factual content — endpoints, identifiers, and parameters captured from the defendant's own site — could not be filed against any other party, *id.* at 7–8. On this record, non-duplication is not a contestable question.

**2. The proposed complaint is not frivolous.**

A filing is frivolous only if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. In law: section 638.51(a) prohibits installing or using "a pen register or a trap and trace device" without a court order; the statutory definitions reach any qualifying "device or process"; and courts have applied them to tracking software — "[a] process can take many forms. Surely among them is software that identifies consumers, gathers data, and correlates that data through unique 'fingerprinting.'" *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023); *see* ECF No. 41 at 8–9 (collecting authority). That some courts have disagreed on aspects of the theory confirms arguability rather than defeating it: a question on which courts have divided is not one that lacks an arguable basis, and a pre-filing screen is not the forum for resolving the division. ECF No. 41 at 9. In fact: the pleading does not infer what the website did; it reports what Appellant recorded, from a preserved contemporaneous capture the application offered to lodge. *Id.*

Litigiousness supplies no substitute for a frivolousness finding. To support restriction, claims "must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). And this Court has cautioned that "[d]istrict courts should not condemn . . . serial litigation as vexatious as a matter of course," because for remedial statutes it "may indeed be necessary and desirable for committed individuals to bring serial litigation." *Id.* at 1062. A claimant "need not take every claim to trial in order for [his] intentions to be credible." *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

#### 3. On this record, remand for a new exercise of discretion is unnecessary.

Because the permissible criteria are objective and the record permits only one conclusion on each, the appropriate disposition is not a remand for re-decision but reversal with instructions to grant leave. Where a discretionary determination could come out only one way on the record presented, an appellate court may direct that result. See 28 U.S.C. § 2106.

### C. The Denial Cannot Be Reconciled with the Premises on Which the Pre-Filing Order Rests.

Even assuming the pre-filing order's validity, the August 18 order contradicts it. The pre-filing order justified itself as a calibrated instrument: limited to covered claims, leaving other filings unrestricted, ECF No. 34 at 10, and sufficient — in

place of lesser alternatives such as security for costs — because leave-based screening "offers adequate protection," *id.* at 10 n.8. The application invoked exactly that design: "The Pre-Filing Order itself presupposes that non-frivolous claims will pass through it. . . . Granting leave here is the ordinary operation of the Pre-Filing Order, not an exception to it." ECF No. 41 at 11–12. What issued instead was a disposition that engaged none of it — not the criteria, not the record, not a sentence of explanation. If that is the order's ordinary operation, then the instrument this Court would be reviewing in No. 26-4739 is not the one described on its face, and the assurance on which *Molski*-type orders rest — access preserved for any claim that is not frivolous, 500 F.3d at 1061 — is not being honored. This Court need not resolve the pre-filing order's validity to hold that its administration here was indefensible.

## III. THE COMPLAINT SHOULD BE DEEMED FILED AS OF AUGUST 11, 2026.

The remedy should restore what the application preserved. In this Circuit, a complaint is constructively filed when it is placed in the possession of the clerk of the court. *Cintron*, 813 F.2d at 920. When a required application stands between delivery and formal filing, the complaint "is deemed filed" on delivery, and "no time is deducted from any limitations period while the application awaits ruling." *Escobedo*, 787 F.3d at 1228 (in forma pauperis application). The rule's logic is that

a plaintiff who has done everything within his power to commence the action is not charged with the court's processing time — or, a fortiori, with the time consumed by an erroneous denial.

The structure here is identical. Appellant delivered the complete proposed complaint to the clerk on August 11, 2026, together with the application the pre-filing order made a precondition to filing. ECF No. 41 at 1. Formal filing was suspended solely by a judicial determination outside his control. The effective date matters: the proposed complaint pleads a single visit on February 4, 2026, *id.* at 6, and the limitations period applicable to the pleaded claims is one year, Cal. Civ. Proc. Code § 340(a). The Court need not adjudicate any limitations question in this appeal; it need only ensure that the erroneous denial does not consume the position the August 11 delivery established. Under 28 U.S.C. § 2106, the Court should reverse and remand with instructions to direct the clerk to accept the proposed complaint for filing effective August 11, 2026, and to assign it a civil case number in the ordinary course.

## CONCLUSION

The Court should hold that it has jurisdiction, reverse the August 18, 2026 order, and remand with instructions to grant the application for leave and to direct the clerk to accept the proposed complaint for filing effective August 11, 2026. In

the alternative, the Court should treat this appeal as a petition for a writ of mandamus and grant the same relief.

Dated: August 20, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant, *pro se*

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellant states that *Shah v. Crain Communications, Inc.*, No. 26-4739, pending in this Court, is related. It arises from the same district court case and challenges the July 20, 2026 pre-filing order (ECF No. 34) whose administration is at issue here. The appeals present distinct questions, and Appellant has not sought consolidation.

# ADDENDUM

Pursuant to Ninth Circuit Rule 28-2.7, pertinent provisions are reproduced below.

**28 U.S.C. § 1291**

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. . . .

**28 U.S.C. § 1651(a)**

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**28 U.S.C. § 2106**

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

**Cal. Penal Code § 638.50(b)–(c)**

> (b) “Pen register” means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. “Pen register” does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider, or a device or process used by a provider or customer of a

wire communication service for cost accounting or other similar purposes in the ordinary course of its business.

(c) "Trap and trace device" means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.

**Cal. Penal Code § 638.51(a)**

Except as provided in subdivision (b), a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53.

**Cal. Penal Code § 637.2**

(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation. (2) Three times the amount of actual damages, if any, sustained by the plaintiff. (b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a). (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

**Cal. Civ. Proc. Code § 340(a)**

Within one year: (a) An action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,259 words, excluding the parts exempted by Fed. R. App. P. 32(f). This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Vivek Shah
Vivek Shah

## STATEMENT REGARDING SERVICE

All participants in this case are registered users of the Court's electronic filing system and are served through that system. Fed. R. App. P. 25(d).