**No. 26-5377**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

VIVEK SHAH,

*Plaintiff-Appellant*,

v.

CRAIN COMMUNICATIONS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Hon. R. Gary Klausner

---

# APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE BRIEFING AND SUBMISSION

---

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
(310) 861-7797
kevin@kjclawgroup.com

*Attorneys for Defendant-Appellee
Crain Communications, Inc.*

## INTRODUCTION

The Court denied Shah's first motion to expedite on August 11, 2026. *See* Dkt. No. 11.1 (Aug. 11, 2026 Order). Shah now seeks essentially the same extraordinary relief in a second appeal, but nothing has changed that warrants shortening Crain's ordinary appellate response time. The only material development is one Shah created himself. After the district court entered the prefiling order, Shah submitted an application seeking permission to file yet another digital-privacy lawsuit, this time against AdvisorFinder, LLC. The district court denied that application on August 18, 2026, and Shah immediately filed this second appeal (No. 26-5377). He now argues that the denial creates an emergency because his proposed claims allegedly face a February 4, 2027 limitations deadline and may be affected by pending California legislation.

Neither circumstance establishes good cause under Circuit Rule 27-12. Shah identifies no imminent event requiring a decision on this appeal before Crain receives its ordinary briefing period. His asserted limitations deadline remains more than five months away, and, more importantly, Shah affirmatively contends that his August 11, 2026 submission of the proposed complaint already preserved its operative filing date. His legislative argument depends upon a bill that has not become law. And his generalized assertion that the district court's order restricts his access to court is substantially the same argument he made when seeking expedition

of his first appeal. Shah has elected to file his opening brief months before the Court required it. That does not create an emergency for Crain or require the Court to accelerate its consideration of this appeal. The motion should be denied.

## ARGUMENT

Ninth Circuit Rule 27-12 permits expedition upon a showing of good cause, including circumstances in which irreparable harm may occur or an appeal may become moot absent expedited treatment. Shah establishes neither. Crain made the same basic point in opposing Shah's first motion to expedite: an appellant must identify a concrete legal right that will actually be lost under the ordinary appellate schedule. Speculative future consequences and the ordinary continuing effect of an order under review are insufficient. Although Shah now points to the district court's August 18, 2026 denial of leave to file, that event does not materially change the analysis.

*First*, Shah has not established that his proposed AdvisorFinder claims will become time-barred while this appeal proceeds normally. Shah alleges that the claims arose from a February 4, 2026 website visit and asserts that a one-year limitations period expires February 4, 2027. But in the very same motion, Shah contends that his August 11, 2026 delivery of the proposed complaint to the district court "fixed the operative filing date." *See* Shah's Mtn. to Expedite, p. 3. If Shah is correct, there is no limitations emergency at all: the complaint was presented

approximately six months before the limitations period he invokes.

Shah attempts to manufacture urgency from the possibility that he might someday have to litigate whether the August 11, 2026 submission preserved his claims. But a possible future limitations defense by AdvisorFinder is not irreparable harm. AdvisorFinder is not a party to this appeal, no limitations defense is presently before this Court, and no court has determined that Shah's proposed claims will expire unless this appeal is decided before February 4, 2027. The possibility of a future dispute with a different party does not justify accelerating Crain's briefing deadline here.

*Second*, Senate Bill 690 provides even less basis for expedition. Shah acknowledges that the legislation remains pending, takes no position on whether it will pass, and argues only that, *if* enacted, it could become operative January 1, 2027 and potentially affect the claims he seeks to assert. That is a chain of contingencies, not an appellate emergency. The bill may or may not become law; its final language may or may not remain the same; and its application to Shah's proposed claims may itself be disputed. Circuit Rule 27-12 does not require the Court to reorder its docket based on speculation about legislation that has not been enacted.

*Third*, Shah's remaining argument—that every day the August 18 order remains in effect constitutes an unconstitutional denial of court access—is not meaningfully new. Shah made essentially the same argument in seeking to expedite

his first appeal, contending that the underlying prefiling order imposed an ongoing constitutional injury simply by remaining operative. The Court nevertheless denied expedition. Crain likewise explained that the prefiling order does not categorically bar Shah from court, but rather subjects a narrow category of future filings to judicial review.

The August 18, 2026 order does not transform that previously asserted injury into an emergency. It represents the district court's application of the prefiling procedure to one proposed complaint. Shah is entitled to seek appellate review of that ruling, and he is doing so. But the fact that an appellant believes an order under review is erroneous (or even unconstitutional) does not automatically entitle him to expedited appellate consideration. If it did, ordinary appellate scheduling would become optional whenever an appellant characterized the challenged order as affecting a constitutional interest.

*Finally*, there is no basis for shortening Crain's ordinary briefing time merely because Shah chose to file his opening brief early. The Court's Order gives Shah until November 10, 2026 to file his opening brief and Crain until December 10, 2026 to answer. *See* Dkt. No. 2.1 (Aug. 20, 2026 Order). Shah instead filed his opening brief immediately and now asks the Court to require Crain to answer approximately thirty days later. That is the same basic procedural maneuver Crain addressed in the first appeal. There, Shah filed his opening brief more than two months early and then

argued that his own acceleration justified substantially shortening Crain's response time. Crain explained that "[a] litigant cannot manufacture good cause by completing his own brief early and then insist that his adversary and the Court proceed on the same self-selected timetable." *See* Case No. 26-4739, Dkt. No. 9.1 (Crain's Resp.), p. 8. The same principle applies here.

Nor is this appeal necessarily as simple as Shah portrays it. Shah himself identifies appellate jurisdiction over the post-judgment denial of leave as one of the legal questions presented. Crain must be afforded sufficient time to evaluate that threshold question, the relationship between this appeal and Appeal No. 26-4739, the proper scope and standard of review, the relevant record, and Shah's merits arguments. The fact that the district court's ruling appears on a one-page form does not mean the legal issues surrounding that ruling can or should be briefed on Shah's preferred timetable. Shah will receive full appellate review under the Court's existing schedule. He has identified no claim that will necessarily expire, no appeal that will become moot, and no other concrete legal right that will be irretrievably lost if Crain receives the ordinary time the Court has already provided to respond. Circuit Rule 27-12 requires good cause, not merely a preference for faster appellate review.

## CONCLUSION

For these reasons, Crain respectfully requests that the Court deny Shah's motion to expedite Appeal No. 26-5377 and permit the appeal to proceed according to the Court's ordinary briefing schedule.

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the word limit of Ninth Circuit Rule 27(d)(2) because this response contains 1,461 words, including words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f).

This brief complies with the type size and typeface requirements of Fed. R. App. P. 32(a)(5) and (6).

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing system, which will serve all registered case participants on this date.

- **APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE BRIEFING AND SUBMISSION**

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*